Peiris v. Lynch

BIA
Nelson, IJ
A087 980 827/828

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

HETTIARACHCHIGE VIDYA PEIRIS, AND
CHAMI DILANKA PEIRIS POLWATTAGE,
> *Petitioners,*

v.                                                    14-2316
                                                      NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONERS:** | Visuvanathan Rudrakumaran, New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Surell Brady, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Hettiarachchige Vidya Peiris and Chami Dilanka Peiris Polwattage, natives and citizens of Sri Lanka, seek review of a May 28, 2014, decision of the BIA affirming an October 6, 2011, decision of an Immigration Judge ("IJ") denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hettiarachchige Vidya Viramanie Peiris and Chami Dilanka Peiris Polwattage,* Nos. A087 980 827/828 (B.I.A. May 28, 2014), *aff'g* Nos. A087 980 827/828 (Immig. Ct. N.Y. City Oct. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. Accordingly, we address only the adverse credibility determination. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). In reviewing that determination, we have considered all of the IJ's grounds for the ruling. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  "We defer therefore to an IJ's credibility finding unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination, which was largely based on implausible testimony. The agency reasonably found implausible Peiris's assertion that her husband was suspected of supporting a terrorist group, given evidence that she later worked for the Sri Lankan foreign ministry.  We uphold an IJ's implausibility finding "unless we are left with the definite and firm conviction that a mistake has been committed," *Ming Xia Chen*

3

*v. BIA*, 435 F.3d 141, 145 (2d Cir. 2006) (internal quotation marks omitted), as long as the finding is "tethered to record evidence," *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).

The agency's implausibility finding is supported by Peiris's varying explanations for why she did not apply for asylum in either Austria or the United Kingdom. At different points in her testimony, she supplied at least two answers when asked why she did not seek asylum in Austria, and three different answers when asked why she did not seek asylum in the United Kingdom. Petitioners contend on appeal that their failure to apply for asylum in other countries is, under the circumstances of her case, immaterial to petitioners' eligibility for asylum in the United States; however, the inconsistent answers on the subject support the agency's implausibility finding.

Peiris tried to explain her implausible testimony by asserting that the army and the foreign ministry have no communications with each other. The agency reasonably declined to credit this explanation. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably relied on Peiris's and Polwattage's inconsistent account of the 2008 incident with

4

army officers. Peiris unambiguously testified that, when army officers entered her house in 2008, they held her son at gunpoint; Polwattage, however, testified that he was asleep and only found out that soldiers had come after he woke up and found his mother gone. This serious inconsistency supports the agency's adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). The agency did not, as petitioners argue, arbitrarily accept Polwattage's testimony over Peiris's; rather it relied on the inconsistency between the petitioners' accounts to discredit them both.

Considering the foregoing, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three claims were based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Further, to the extent that petitioners assert a claim that Sri Lanka has a pattern or practice of persecuting persons suspected of cooperating with terrorist groups, the adverse credibility determination is dispositive. Unlike in *Paul*, which involved an adverse credibility determination as to past

5

persecution but a determination that the petitioner testified credibly regarding his religious identity, the agency's adverse credibility determination in this case was not bifurcated: petitioners' claims that they are suspected of cooperating with a terrorist group are doomed by the credibility determination. *Cf. id.*

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>